FILED by RB   D.C.
ELECTRONIC

Nov 23, 2010

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**10-60311-CR-MIDDLEBROOKS-W/JOHNSON**

CASE NO. _____

18 U.S.C. § 371
18 U.S.C. §1343
18 U.S.C. §1029(a)(2)
18 U.S.C. §1028A(a)(1)
42 U.S.C. §1320d-6(a)(2) and (b)(3)

UNITED STATES OF AMERICA

vs.

JIMMY LEE THEODORE,
ALBERT ANTHONY ANDRULONIS,
MILDRED ALEXIS
a/k/a "Margo Alexis,"
NATASHA ORR, and
RAUSHANAH BOWLEG,

      **Defendants.**

_____/

## INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At times material to this Indictment:

1.    Holy Cross Hospital was a health care provider located at 4725 N. Federal Highway, Fort Lauderdale, Florida. Holy Cross Hospital employed computers that were used in interstate commerce and interstate communications at all of its locations.

2.    Defendant **NATASHA ORR** was employed by Holy Cross Hospital from on or about October 2008 to on or about September 30, 2010. In her capacity as an emergency room clerk, defendant **NATASHA ORR** was authorized to access patient files and copy patient face sheets for the purpose of performing her job duties.

3.      Dr. Elliot A. Stein, M.D., PA, was a health care provider located at 21110 Biscayne Blvd., Suite 404, Aventura, Florida.  Dr. Stein employed computers that were used in interstate commerce and interstate communications at all of its locations.

4.      Defendant **RAUSHANAH BOWLEG** was employed by Dr. Elliot A. Stein, M.D., PA, from on or about November 2009 to on or about April 2010.  In her capacity as a medical records clerk defendant **RAUSHANAH BOWLEG** was authorized to access patient files and copy patient files for the purpose of performing her job duties.

5.      Defendant **ALBERT ANTHONY ANDRULONIS** resided at 2910  SW  87th Terrace, Apt. 1701, Davie, FL 33328-6648.

6.      J.P. Morgan Chase Bank (hereinafter "Chase") was a financial institution with its debit card activation call center located in Houston, Texas.  Chase was insured by the Federal Deposit Insurance Corporation.

7.      Holy Cross Hospital and Dr. Elliot A. Stein, M.D., PA, were both covered entities under the Health Insurance Portability and Accountability Act (HIPAA).

8.      HIPAA protects the individual identifiable health information collected from an individual by a health care provider.

## COUNT 1
### (18 U.S.C. § 371 Conspiracy)

9.      The allegations contained in the General Allegations section of this Indictment are incorporated by reference as though realleged in their entirety.

2

10.    From in or about October 2009, and continuing through in or about November 2010, at Broward and Miami-Dade Counties, in the Southern District of Florida, and elsewhere, the defendants,

**JIMMY LEE THEODORE,**
**ALBERT ANTHONY ANDRULONIS,**
**MILDRED ALEXIS**
**a/k/a "Margo Alexis,"**
**NATASHA ORR, and**
**RAUSHANAH BOWLEG,**

did knowingly and willfully combine, conspire, confederate, and agree with each other and with others known and unknown to the Grand Jury, to commit certain offenses against the United States, namely:

a.    to knowingly and with specific intent to defraud, devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and, for the purpose of executing such scheme and artifice, to knowingly transmit and cause to be transmitted, by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, picture and sounds, in violation of Title 18, United States Code, Section 1343;

b.    to knowingly transfer, possess, and use, without lawful authority, a means of identification of another person with the intent to commit, or to aid and abet, or in connection with, any unlawful activity that constitutes a violation of Federal law, or that constitutes a felony under any applicable State or local law, in violation of Title 18, United States Code, Section 1028(a)(7).

c.    to knowingly and with intent to defraud use one or more unauthorized access devices during a one year period, and by such conduct obtain things of value, aggregating $1,000 or more,

3

which affected interstate and foreign commerce, in violation of Title 18, United States Code, Section 1029(a)(2);

      d.     during and in relation to a felony violation of Title 18, United States Code, Chapter 47, to wit, Title 18, United States Code, Section 1029(a)(2), to knowingly possess and use, without lawful authority, a means of identification of another person, in violation of Title 18, United States, Code, Section 1028A(a)(1); and

      e.     to knowingly and for a reason other than permitted by Title 42, United States Code, Chapter 7, Subchapter XI, Part C, obtain individual identifiable health information relating to an individual with the intent to sell, transfer, and use, and cause to be used, individually identifiable health information for personal gain in violation of Title 42, United States Code, Sections 1320d-6(a)(2) and (b)(3).

## OBJECT OF THE CONSPIRACY

11.     It was the object of the conspiracy that **JIMMY LEE THEODORE, ALBERT ANTHONY ANDRULONIS, MILDRED ALEXIS, a/k/a "Margo Alexis," NATASHA ORR and RAUSHANAH BOWLEG** would unlawfully enrich themselves by stealing personal individually identifiable health information of patients of Holy Cross Hospital and Dr. Elliot Stein, M.D., PA, including, among other information, the patients' names, dates of birth, Social Security numbers, Medicare numbers, and addresses, and using the patients' stolen information to obtain debit cards, thereby defrauding the victims of a sum in excess of $30,000.00.

## MANNER AND MEANS

The manner and means by which the defendants and others sought to accomplish the object of the conspiracy included the following:

4

12.     Defendant **NATASHA ORR**, while employed by Holy Cross Hospital, copied patient face sheets which contained individually identifiable health information of the patients at Holy Cross and illegally removed the information from the premises of Holy Cross Hospital.

13.     Defendant **NATASHA ORR** sold the individually identifiable health information of the patients to defendant **MILDRED ALEXIS, a/k/a "Margo Alexis,"** and/or other co-conspirators.

14.     Defendant **RAUSHANAH BOWLEG**, while employed by Dr. Elliot A. Stein, M.D., PA, copied patient face sheets which contained individually identifiable health information of the patients of Dr. Elliot A. Stein, M.D., PA, and illegally removed the information from the premises _of_ Dr. Elliot A. Stein, M.D., PA office.

15.     Defendant **RAUSHANAH BOWLEG** sold the individually identifiable health information of Dr. Elliot A. Stein, M.D., PA 's patients to defendant **MILDRED ALEXIS, a/k/a "Margo Alexis,"** and/or other co-conspirators.

16.     Defendant **MILDRED ALEXIS, a/k/a "Margo Alexis,** sold the individually identifiable health information that she received from defendants **NATASHA ORR** and **RAUSHANAH BOWLEG** to defendants **JIMMY LEE THEODORE** and **ALBERT ANTHONY ANDRULONIS**.

17.     Defendants **MILDRED ALEXIS, a/k/a "Margo Alexis," NATASHA ORR** and **RAUSHANAH BOWLEG** and co-conspirators provided defendants **JIMMY LEE THEODORE** and **ALBERT ANTHONY ANDRULONIS** with the patients' individually identifiable health information, thereby allowing them to fraudulently obtain new ~~credit~~ ᴅᴇʙɪᴛ card accounts and fraudulently access existing bank accounts in the names of the patients whose individually identifiable health information had been stolen by defendants **NATASHA ORR** and **RAUSHANAH BOWLEG**.

18.     Defendants **JIMMY LEE THEODORE, ALBERT ANTHONY ANDRULONIS,**
and co-conspirators committed fraudulent ATM withdrawals and made fraudulent purchases with
debit cards obtained in the victims' names and bank accounts which had been fraudulently opened.

## OVERT ACTS

In furtherance of the conspiracy and to effect the objects thereof, the following overt acts,
among others, were committed in Broward and Miami-Dade Counties, in the Southern District of
Florida, and elsewhere, by at least one co-conspirator.

19.     Between March 17, 2010, and April 21, 2010, the exact date being unknown,
defendant **NATASHA ORR** accessed the Holy Cross Hospital computer databases and obtained
individually identifiable health information of a patient, identified by the initials B.T.

20.     Between October 2009 and April 6, ~~2009~~, the exact date being unknown, defendant
**RAUSHANAH BOWLEG** accessed Dr. Elliot A. Stein, M.D., PA's computer databases and
obtained individually identifiable health information of a patient, identified by the initials D.D.

21.     Between November 2009 and October 2010, the exact date being unknown,
defendants **JIMMY LEE THEODORE** and **ALBERT ANTHONY ANDRULONIS** received
individually identifiable health information of patients of Holy Cross Hospital and Dr.Elliot A. Stein
M.D.,P.A.

22.     Between November 2009 and October 2010, the exact date being unknown, defendant
**JIMMY LEE THEODORE** paid defendant **MILDRED ALEXIS, a/k/a "Margo Alexis,"** a sum
of money in exchange for the stolen patients' individually identifiable health information .

23.     On or about April 6, 2010, defendant **ALBERT ANTHONY ANDRULONIS**
fraudulently purchased $8,000.00 in money orders from a Walmart store using a Chase debit card
number ending in 8298 in the name of a patient known as  D.D.

24.     On or about April 29, 2010, defendant **ALBERT ANTHONY ANDRULONIS** and a co-conspirator fraudulently opened and caused to be opened a Chase debit card account ending in 1164 in the name of a patient known as B.T.

25.     On or about April 29, 2010, defendant **ALBERT ANTHONY ANDRULONIS** and a co-conspirator fraudulently opened and caused to be opened a Chase debit card account ending in 1172 in the name of a patient known as B.T.

26.     On or about April 29, 2010, defendant **ALBERT ANTHONY ANDRULONIS** and a co-conspirator fraudulently withdrew a total of $1,000.00 from the Chase debit account ending in 1164 in the name of a patient known as B.T.

27.     On or about May 2, 2010, defendant **ALBERT ANTHONY ANDRULONIS** and a co-conspirator fraudulently withdrew a total of $1,000 from the Chase debit card account ending in 1172 in the name of a patient known as B.T.

28.     On or about June 27, 2010, defendant **JIMMY LEE THEODORE** fraudulently withdrew $240.00 from a Chase debit card number ending in 5755 in the name of C.L.

All in violation of Title 18, United States Code, Section 371.

**COUNTS 2-6**
**(18 U.S.C. § 1343 -Wire Fraud)**

29.     The allegations contained in the General Allegations section of this Indictment are incorporated by reference as though realleged in their entirety.

**SCHEME AND ARTIFICE**

30.     It was the object of the scheme and artifice to defraud for defendants **JIMMY LEE THEODORE, ALBERT ANTHONY ANDRULONIS,  MILDRED ALEXIS, a/k/a "Margo**

7

Alexis," **NATASHA ORR** and **RAUSHANAH BOWLEG** to enrich themselves and others unjustly by stealing individually identifiable health information of patients from health care providers, then fraudulently obtaining new or accessing existing debit cards in the names of the patients and fraudulently incurring charges on the fraudulently obtained or fraudulently accessed debit cards.

31.     On or about the dates listed below at Broward and Miami-Dade Counties, in the Southern District of Florida, and elsewhere, the defendants,

**JIMMY LEE THEODORE,**
**ALBERT ANTHONY ANDRULONIS, and**
**MILDRED ALEXIS**
**a/k/a "Margo Alexis,"**

did knowingly and willfully devise a scheme and artifice to defraud, and for obtaining money and property, by means of materially false and fraudulent pretenses, representations, and promises, and, for the purpose of executing and attempting to execute such a scheme and artifice, did knowingly transmit and cause to be transmitted in interstate commerce by means of wire communication, certain writings, signs, signals and sounds, as more particularly described below:

| Count | Date | Defendant | Description of Wire Communication |
|-------|------|-----------|-----------------------------------|
| 2 | April 29, 2010 | **JIMMY LEE THEODORE, ALBERT ANTHONY ANDRULONIS, MILDRED ALEXIS a/k/a "Margo Alexis,"** | **Telephone call from (954) 696-0832 Southern District of Florida to J.P. Morgan Chase call center in Houston, Texas** |

| Count | Date | Defendant | Description of Wire Communication |
|---|---|---|---|
| 3 | April 29, 2010 | JIMMY LEE THEODORE, ALBERT ANTHONY ANDRULONIS, MILDRED ALEXIS a/k/a "Margo Alexis," | Telephone call from (954) 696-0832 Southern District of Florida to J.P. Morgan Chase call center in Houston, Texas |
| 4 | October 1, 2010 | JIMMY LEE THEODORE, ALBERT ANTHONY ANDRULONIS, MILDRED ALEXIS a/k/a "Margo Alexis," | Telephone call from (786) 443-5831 Southern District of Florida to J.P. Morgan Chase call center in Houston, Texas |
| 5 | October 1, 2010 | JIMMY LEE THEODORE, ALBERT ANTHONY ANDRULONIS, MILDRED ALEXIS a/k/a "Margo Alexis," | Telephone call from (786) 443-5831 Southern District of Florida to J.P. Morgan Chase call center in Houston, Texas |
| 6 | October 1, 2010 | JIMMY LEE THEODORE, ALBERT ANTHONY ANDRULONIS, MILDRED ALEXIS a/k/a "Margo Alexis," | Telephone call from (786) 443-5831 Southern District of Florida to J.P. Morgan Chase call center in Houston, Texas |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT 7
### (18, U.S.C. § 1029(a)(2))
### (Use of Unauthorized Access Device)

32.     The allegations contained in the General Allegations section of this Indictment are

incorporated by reference as though realleged in their entirety.

33.     From in or about October 2009, through in or about October 2010, in Broward and

Miami-Dade Counties, in the Southern District of Florida, and elsewhere, the defendants,

**JIMMY LEE THEODORE,
ALBERT ANTHONY ANDRULONIS,
MILDRED ALEXIS
a/k/a "Margo Alexis,"
NATASHA ORR, and
RAUSHANAH BOWLEG,**

did knowingly, and with intent to defraud, traffic in and use one or more unauthorized access devices

during a one-year period, and by such conduct obtained a thing of value aggregating $1,000 or more

during that period, said conduct affecting interstate and foreign commerce, in violation of Title 18,

United States Code, Sections 1029(a)(2) and (2).

## COUNTS 8-12
### (18, U.S.C. § 1028A(a)(1))
### (Aggravated Identity Theft)

34.     The allegations contained in the General Allegations section of this Indictment are

incorporated by reference as though realleged in their entirety.

35.     On or about the dates set forth below, in Broward and Miami-Dade Counties, in the

Southern District of Florida, and elsewhere, the defendants,

**JIMMY LEE THEODORE,
ALBERT ANTHONY ANDRULONIS,
MILDRED ALEXIS
a/k/a "Margo Alexis,"
NATASHA ORR, and
RAUSHANAH BOWLEG,**

10

during and relation to a felony violation of Title 18, United States Code, Chapter 47, to wit, Title 18,

United States Code, Section 1029(a)(2), that is, trafficking in and using one or more unauthorized

access devices during a one-year period, and by such conduct obtaining a thing of value aggregating

$1,000 or more during that period, did knowingly transfer, possess and use, without lawful authority,

the means of identification of another person:

| Count | Date | Defendant | Means of Identification and Transaction |
|---|---|---|---|
| 8 | April 6, 2010 | JIMMY LEE THEODORE, ALBERT ANTHONY ANDRULONIS, RAUSHANAH BOWLEG | Use of Chase debit card account ending in 8298 in the name of D.D. to purchase $8,000 in money orders |
| 9 | April 30, 2010 | JIMMY LEE THEODORE, ALBERT ANTHONY ANDRULONIS | Use of Chase debit card account ending in 1164 in the name of B.T. to withdraw $1,000 from the Chase ATM |
| 10 | April 30, 2010 | JIMMY LEE THEODORE, ALBERT ANTHONY ANDRULONIS, MILDRED ALEXIS a/k/a "Margo Alexis," NATASHA ORR | Use of Chase debit card account ending in 1164 in the name of B.T. to withdraw $1,000 from the Chase ATM |
| 11 | May 1, 2010 | JIMMY LEE THEODORE, ALBERT ANTHONY ANDRULONIS | Use of Chase debit card account ending in 1172 in the name of B.T. to withdraw $1,000 from the Chase ATM |
| | | | |

| Count | Date | Defendant | Means of Identification and Transaction |
|-------|------|-----------|----------------------------------------|
| 12 | June 27, 2010 | **JIMMY LEE THEODORE, ALBERT ANTHONY ANDRULONIS** | **Use of Chase debit card account ending in 5755 in the name of C.L. to withdraw $240.00 from the Chase ATM** |

All in violation of Title 18, United States Code, Section 1028A(a)(1) and 2.

### COUNT 13
### (42, U.S.C. § 1320d-6(a)(1) and (b)(3))
### (Wrongful Disclosure of Individually Identifiable Health Information)

36.     The allegations contained in the General Allegations section of this Indictment are incorporated by reference as though realleged in their entirety.

37.     From in or about October 2009, through on or about November 2010, in Broward and Miami-Dade Counties, in the Southern District of Florida, and elsewhere, the defendants,

**JIMMY LEE THEODORE,
ALBERT ANTHONY ANDRULONIS,
MILDRED ALEXIS
a/k/a "Margo Alexis,"
NATASHA ORR, and
RAUSHANAH BOWLEG,**

knowingly and for a reason other than permitted by Title 42, United States Code, Chapter 7, Subchapter XI, Part C, obtained and caused to be obtained individually identifiable health information relating to an individual, with the intent to sell, transfer, and use, and caused to be used, said information for personal gain.  Specifically, defendants **JIMMY LEE THEODORE** and **ALBERT ANTHONY ANDRULONIS**, and **MILDRED ALEXIS a/k/a "Margo Alexis,"** caused defendants **NATASHA ORR** and **RAUSHANAH BOWLEG,** then employees of healthcare

providers, to obtain individually identifiable health information from Holy Cross Hospital and Dr.

Elliot A. Stein, M.D., PA, relating to an individual, that is, patients' names, dates of birth, Social

Security numbers, Medicare numbers, and addresses, which had been collected by the health care

providers, with the intent to sell, transfer, and use said information for personal gain.

All in violation of Title 42, United States Code, Sections 1320d-6(a)(2) and (b)(3) and Title

18, United States Code, Section 2.

A TRUE BILL

WIFREDO A. FERRER
UNITED STATES ATTORNEY

THOMAS P. LANIGAN
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

JIMMY LEE THEODORE, et al.,

_____ Defendants
_____/

CASE NO. _____

## CERTIFICATE OF TRIAL ATTORNEY*

Superseding Case Information:

**Court Division:** (Select One)

New Defendant(s)          Yes _____   No _____
Number of New Defendants _____
Total number of counts _____

X   Miami _____   Key West _____
    FTL _____     WPB _____   FTP

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.  Interpreter:      (Yes or No)      NO
    List language and/or dialect      _____

4.  This case will take    5    days for the parties to try.

5.  Please check appropriate category and type of offense listed below:

    (Check only one)                          (Check only one)

    I    0 to 5 days          X
    II   6 to 10 days                          Petty      _____
    III  11 to 20 days                         Minor      _____
    IV   21 to 60 days                         Misdem.    _____
    V    61 days and over                      Felony       X

6.  Has this case been previously filed in this District Court? (Yes or No)   NO
    If yes:
    Judge: _____      Case No. _____
    (Attach copy of dispositive order)
    Has a complaint been filed in this matter?      (Yes or No)   YES
    If yes:
    Magistrate Case No.      10-6462-RSR
    Related Miscellaneous numbers: _____
    Defendant(s) in federal custody as of   11/10/2010 (Andrulonis, Alexis, Orr, Bowleg)
    Defendant(s) in state custody as of   _____
    Rule 20 from the _____      District of _____

    Is this a potential death penalty case? (Yes or No)      NO

7.  Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? _____ Yes   X   No

8.  Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? _____ Yes   X   No

_____
THOMAS P. LANIGAN
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No./Court No. A5500033

*Penalty Sheet(s) attached

REV 4/8/08

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**: **JIMMY LEE THEODORE**

**Case No**:

Count#: 1

 Conspiracy

 in violation of 18, U.S.C. §371

**\*Max. Penalty:** Five (5) years' imprisonment, three (3) years' supervised release, $250,000 fine

Counts #: 2-6

 Wire Fraud

 in violation of 18, U.S.C. §1343

**\*Max. Penalty:** Twenty (20) years' imprisonment, three (3) years' supervised release, $250,000 fine

Count #: 7

 Access Device Fraud

 in violation of 18, U.S.C. §1029(a)(2)

**\*Max. Penalty:** Ten (10) years' imprisonment, three (3) years' supervised release, $250,000 fine

Counts #: 8-12

 Aggravated Identity Theft

 in violation of 18, U.S.C. §1028A(a)(1)

**\*Max. Penalty:** Two (2) years' imprisonment consecutive to any other sentence imposed

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

Count #: 13

Wrongful Disclosure of Individually Identifiable Health Care Information

in violation of 42, U.S.C. §1320d-6

**\*Max. Penalty:** Ten (10) years' imprisonment, three (3) years' supervised release, $250,000 fine

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**: **ALBERT ANTHONY ANDRULONIS**

**Case No**:

Count#: 1

 Conspiracy

 in violation of 18, U.S.C. §371

**\*Max. Penalty:** Five (5) years' imprisonment, three (3) years' supervised release, $250,000 fine

Counts  #: 2-6

 Wire Fraud

 in violation of 18, U.S.C. §1343

**\*Max. Penalty:** Twenty (20) years' imprisonment, three (3) years' supervised release, $250,000 fine

Count  #: 7

 Access Device Fraud

 in violation of 18, U.S.C. §1029(a)(2)

**\*Max. Penalty:** Ten (10) years' imprisonment, three (3) years' supervised release, $250,000 fine

Counts  #: 8-12

 Aggravated Identity Theft

 in violation of 18, U.S.C. §1028A(a)(1)

**\*Max. Penalty:** Two (2) years' imprisonment consecutive to any other sentence imposed

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

Count #: 13

Wrongful Disclosure of Individually Identifiable Health Care Information

in violation of 42, U.S.C. §1320d-6

**\*Max. Penalty:** Ten (10) years' imprisonment, three (3) years' supervised release, $250,000 fine

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**: **MILDRED ALEXIS, a/k/a "Margo Alexis"**

**Case No**:_____

Count#: 1

 Conspiracy

 in violation of 18, U.S.C. §371

**\*Max. Penalty:** Five (5) years' imprisonment, three (3) years' supervised release, $250,000 fine

Counts #: 2-6

 Wire Fraud

 in violation of 18, U.S.C. §1343

**\*Max. Penalty:** Twenty (20) years' imprisonment, three (3) years' supervised release, $250,000 fine

Count #: 7

 Access Device Fraud

 in violation of 18, U.S.C. §1029(a)(2)

**\*Max. Penalty:** Ten (10) years' imprisonment, three (3) years' supervised release, $250,000 fine

Counts #: 8, 10

 Aggravated Identity Theft

 in violation of 18, U.S.C. §1028A(a)(1)

**\*Max. Penalty:** Two (2) years' imprisonment consecutive to any other sentence imposed

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

Count #: 13

 Wrongful Disclosure of Individually Identifiable Health Care Information

  in violation of 42, U.S.C. §1320d-6

**\*Max. Penalty:** Ten (10) years' imprisonment, three (3) years' supervised release, $250,000 fine

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:** NATASHA ORR

**Case No:**

Count#: 1

 Conspiracy

 in violation of 18, U.S.C. §371

**\*Max. Penalty:** Five (5) years' imprisonment, three (3) years' supervised release, $250,000 fine

Count #: 7

 Access Device Fraud

 in violation of 18, U.S.C. §1029(a)(2)

**\*Max. Penalty:** Ten (10) years' imprisonment, three (3) years' supervised release, $250,000 fine

Count #: 10

 Aggravated Identity Theft

 in violation of 18, U.S.C. §1028A(a)(1)

**\*Max. Penalty:** Two (2) years' imprisonment consecutive to any other sentence imposed

Count #: 13

 Wrongful Disclosure of Individually Identifiable Health Care Information

 in violation of 42, U.S.C. §1320d-6

**\*Max. Penalty:** Ten (10) years' imprisonment, three (3) years' supervised release, $250,000 fine

**\*Refers only to possible term of incarceration, does not include possible fines, restitution,
special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name: RAUSHANAH BOWLEG**

**Case No:**

Count#: 1

Conspiracy

in violation of 18, U.S.C. §371

**\*Max. Penalty:** Five (5) years' imprisonment, three (3) years' supervised release, $250,000 fine

Count #: 7

Access Device Fraud

in violation of 18, U.S.C. §1029(a)(2)

**\*Max. Penalty:** Ten (10) years' imprisonment, three (3) years' supervised release, $250,000 fine

Count #: 8

Aggravated Identity Theft

in violation of 18, U.S.C. §1028A(a)(1)

**\*Max. Penalty:** Two (2) years' imprisonment consecutive to any other sentence imposed

Count #: 13

Wrongful Disclosure of Individually Identifiable Health Care Information

in violation of 42, U.S.C. §1320d-6

**\*Max. Penalty:** Ten (10) years' imprisonment, three (3) years' supervised release, $250,000 fine

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**